IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
                                                           :
UNITED STATES OF AMERICA          :    3:10 CR 227 (EBB)
                                  :
v.                                :
                                  :
DERRON DOCKERY                    :    DATE: FEBRUARY 9, 2011
                                  :
-----------------------------------------------------------x
```

RULING ON PETITION FOR ACTION ON CONDITIONS OF RELEASE

Defendant was arrested on November 16, 2010, and a detention hearing was held three days later, at which an Order Setting Conditions of Release was entered, by agreement, placing defendant in an inpatient drug treatment program. (Dkts. ##54, 56-57, 273-74, 289). On January 26, 2011, the United States Probation Office ["USPO"] filed a Petition for Action on Conditions of Pretrial Release (Dkt. #352), which stated that on December 13, 2010, defendant was placed in a residential substance abuse treatment program at APT Foundation; upon admission, he rendered a positive drug test for the presence of marijuana, and he tested positive again on January 1, 2011, he tested negative for the presence of any illicit drugs on January 7, but he tested positive again on January 11 and 14 for the presence of marijuana.

A hearing was held before this Magistrate Judge on February 8, 2011, at which the USPO also proffered that on January 31, 2011, he received a memorandum from the Director of APT Foundation, indicating that defendant had acted in an aggressive manner toward her that day, and refused to participate in a program. Defense counsel proffered that his client denies having used any drugs at the APT program, that his client had a negative drug test on January 20, and suggested that the January 11th and January 14th drug tests are

1

inaccurate. Defense counsel also proffered that he had spoken with defendant's counselor on February 7, who reported that defendant has exhibited a more favorable and cooperative attitude than in the past.

Paragraph 28 of the Order Setting Conditions of Release provides: "The defendant shall refrain from use or unlawful possession of a narcotic drug and other controlled substances . . . unless prescribed by a licensed medical practitioner." The Assistant United States Attorney, defense counsel, and USPO all agree that defendant's positive tests on December 13, 2010 and January 1, 2011 reflect the residual presence of marijuana in defendant subsequent to his arrest on November 16, 2010, more than one month earlier. Defendant does not dispute that APT collected the January 11th and 14th samples in accordance with all its procedures. The USPO recommended that defendant's bond be revoked.

18 U.S.C. § 3148(b) provides a two-prong test:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –

    (1) finds that there is –

        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

        (B) clear and convincing evidence that the person has violated any other condition of release; and

    (2) finds that –

        . . .
        (B) the person is unlikely to abide by any condition or combination of conditions of release.

The government's burden of proof under § 3148(b)(2)(B) is preponderance of the evidence. United States v. Gotti, 794 F.2d 773, 777 (2d Cir. 1986).

The Government has more than adequately met its burden under §§ 3148(b)(1)(A),

3148(b)(1)(B) and 3148(b)(2)(B), in light of defendant's two positive drug tests for the presence of marijuana, while he was in an inpatient drug treatment facility, and his aggressive behavior toward APT's Director. Had only one positive test result been rendered, the Magistrate Judge <u>might</u> have been willing to give defendant the benefit of the doubt. The chance of two erroneous scores is, however, unlikely. There are simply no other viable alternatives left for defendant.

However, as indicated at the conclusion of the hearing, this finding is without prejudice to defendant more fully developing a record to demonstrate that the January 11th and January 14th test results were false positives, or conversely (as suggested by the Magistrate Judge), that the January 11th result was a false negative, so that defendant did not become fully "clean" until January 20, 2011.

Therefore, the USPO's Petition for Action on Condition of Pretrial Release (Dkt. #352) and the Government's oral Motion to Revoke Conditions of Release are hereby **granted, without prejudice to defendant filing a motion for reconsideration**.

Dated at New Haven, Connecticut, this 9th day of February, 2011.

/s/ Joan G. Margolis, USMJ
Joan G. Margolis
United States Magistrate Judge