UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:10-cr-00227 (JAM) |
| DERRON DOCKERY | |

**RULING GRANTING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE IN ACCORDANCE WITH U.S.S.G. AMENDMENT #782**

On July 25, 2011, this Court (*Burns, J.*) sentenced defendant Derron Dockery principally to a term of 70 months imprisonment and a term of four years supervised release, following his conviction of Conspiracy to Possess with Intent to Distribute, and to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(B). On the basis of Amendment 782 to the U.S. Sentencing Guidelines, defendant now moves to be re-sentenced pursuant to 18 U.S.C. § 3582(C)(2). For the reasons that follow, I will grant defendant's motion and reduce defendant's sentence to a term of 60 months imprisonment, effective as of November 1, 2015.

### BACKGROUND

Amendment 782 to the United States Sentencing Guidelines provides for a reduction of two offense levels for the sentencing range calculation for a defendant who has been subject to sentencing under §§ 2D1.1 and 2D1.11 of the Guidelines. The amendment reflects the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and that a reduction—including a retroactive reduction for defendants who are already serving their sentences—would be "an appropriate step toward

alleviating" both "the significant overcapacity and costs" of federal prisons. *See* U.S. Sentencing Guidelines Manual, Amendment 782, Policy Stmt. (2014).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission. The Court must follow a two-step approach to determine whether a sentence should be reduced and the extent of any such reduction. First, the Court must consider if the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable if the amended Guidelines had been in place at the time of the defendant's sentencing. Second, the Court must consider the range of general sentencing factors under 18 U.S.C. § 3553(a) to decide whether, in its discretion, a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, I conclude that the first step is satisfied. There is agreement by the defendant, the Government, and the U.S. Probation Office that defendant is eligible for a reduction of, effectively, up to 10 months of his sentence pursuant to Amendment 782. Taking into account the defendant's acceptance of responsibility, the sentencing guidelines for his offense changed from 70 to 87 months to 57 to 71 months. Because five years is the mandatory minimum for this offense, the bottom of the range is effectively 60 months. Keeping in accord with the fact that his original sentence was at the bottom of the range, his new one should also fall there.

As to the second step, I also conclude in the exercise of my discretion and upon full consideration of the factors set forth under 18 U.S.C. § 3553(a) that the agreed-upon reduction is appropriate. It is the hope of this Court that the defendant will achieve the goals he set forward and which are listed in his presentence report, namely that he will seek addiction treatment services and pursue education and subsequent employment in the fields of mechanical

engineering and/or automotive mechanics. The defendant's new sentence is sufficiently long for him to learn a trade as he stated he wished to do and to ponder the positive and legal options he has to support himself independently.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence is GRANTED. His term of imprisonment is reduced to 60 months, effective November 1, 2015. *See* U.S.S.G. § 1B1.10(e). All other aspects of the original sentence shall remain in effect.

It is so ordered.

Dated at New Haven this 23rd day of July 2015.

                                                /s/ ***Jeffrey Alker Meyer***
                                                Jeffrey Alker Meyer
                                                United States District Judge